Thomas F. REDMOND,
Petitioner–Appellee,

v.

Robert GRUNOW, Commissioner,
Tennessee Department of Human
Services, Respondent–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 11, 1995.

Application for Permission to Appeal
Denied by Supreme Court
May 1, 1995.

Charles W. Burson, Atty. Gen. and Reporter and Michelle McGriff, Asst. Atty. Gen., Nashville, for appellant.

George Todd East, Kingsport, for appellee.

## OPINION

SUSANO, Judge.

This is an appeal by the Commissioner of the Department of Human Services (DHS) from an Order of the trial court holding that DHS erred when it found that the Appellee owed past-due child support which justified the submission of his name to the Internal Revenue Service (IRS) for interception of his 1991 federal income tax refund. The trial court acted on the Appellee's Petition for Review filed pursuant to the Uniform Administrative Procedures Act, T.C.A. § 4–5–101, *et seq.* The Petition challenged DHS's determination that the Appellee owed a child support arrearage of at least $14,879, and hence should be reported to the IRS for interception of his tax refund under the Federal Tax Refund Intercept Program [1] (Intercept Program). The trial court held that the interception of the tax refund "is a form of execution and is available to [DHS] only upon obtaining a judgment for the arrearage amount alleged."

The sole issue on this appeal is whether a child support arrearage under a divorce judgment must itself be reduced to judgment before it can serve as a basis for interception of a tax refund under the Intercept Program.

---

1. 42 U.S.C. § 664 provides for the collection of past-due support from an individual's federal income tax refund "[u]pon receiving notice from a State agency administering a plan approved under this part that a named individual owes past-due support which has been assigned to such State ..." *Id.* at sub. (a)(1).

The Appellee was divorced by Final Decree of the Montgomery County Chancery Court on May 3, 1983. That Decree ordered him to pay child support of $250 per month. Subsequently, DHS advised the Appellee that it intended to intercept his 1991 tax refund because of his failure to pay child support to a recipient of State aid. This prompted the Appellee to request a hearing. At that hearing, a state hearing officer determined that the Appellee owed "at least the amount submitted to Internal Revenue Service ($14,879)." The evidence before the hearing officer included the Montgomery County Final Decree, the Appellee's child support payment history, and an Order of the Sullivan County Juvenile Court. The latter Order was received into evidence at the hearing because the state had undertaken collection efforts [2] through that court, the Appellee now being a resident of Sullivan County. There is no evidence in the record that the Appellee's alleged child support arrearage was reduced to a judgment for a sum certain. In fact, the record of the proceedings before the DHS hearing officer clearly reflects that no such judgment was ever entered or even sought.

The scope of the trial court's review, as well as our own, is governed by T.C.A. § 4–5–322(h) which provides, in pertinent part, as follows:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

While the trial court's Order [3] does not indicate the subsection of T.C.A. § 4–5–322(h) upon which the reversal of DHS's action is based, the lower court's action was apparently premised upon a belief that a finding of past-due support in an administrative hearing had to be based on evidence in the form of a judgment for a sum certain entered by a court of law. Since there was no such judgment in this case, the trial court apparently concluded that the administrative decision was not based on "evidence which is both substantial and material in the light of the entire record." We disagree.

■ This State's participation in the Intercept Program is addressed at Tenn.Comp.R. & Regs., ch. 1240–2–3–.02 which provides, in pertinent part, as follows:

(1) For purposes of this rule, except where otherwise spectified [sic] indicated, *"support" means a legally enforceable obligation assessed against an individual for the support of a child,* ...

(2) *In order for a past-due support obligations [sic] to qualify for a federal tax refund intercept, the following requirements must be met:*

\*     \*     \*     \*     \*     \*

(e) before submittal to the federal office of Child Support Enforcement, *the*

---

**2.** While the Appellee did not raise this issue on appeal, his counsel intimated at oral argument that the finding by the Sullivan County Juvenile Court that he did not owe an arrearage prevented DHS from pursuing collection under the Montgomery County Final Decree. The answer to this is twofold. First, the Appellee was given credit against the Montgomery County Final Decree for all payments made pursuant to and through the Sullivan County Juvenile Court Order. Second, the latter proceeding does not affect the Appellee's liability under the Montgomery County Final Decree which has not been

modified. *See* T.C.A. § 36–5–101(a)(5). *See also* T.C.A. § 36–5–323 which provides as follows:

Any order of support issued by a court of a responding county shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

**3.** The record before us does not include oral findings, if any, made by the trial court at the hearing.

*Department has verified ... the accuracy of the amount of past due support....*

(3) Any individual who has received notice that his/her federal tax refund is or will be intercepted and applied to a past due support obligation, may request and receive a fair hearing ...

(Emphasis added). The Rule does not specifically require that past-due child support be reduced to a judgment for a sum certain in order to satisfy the finding of a child support arrearage which will justify referral of the obligor's name to the IRS for interception of his tax refund. The trial judge apparently believed that since interception of an income tax refund is tantamount to an execution, it had to be based on a judgment for a sum certain. The Chancellor's belief that interception of a tax refund is the equivalent of an execution finds support in the language of the Rule because it refers to "support" as "a legally enforceable obligation *assessed* against an individual for the support of a child" (emphasis added), and the Rule has as its goal the appropriation of an asset of the judgment debtor; but the assumption underlying the trial court's holding—the absence of a judgment—ignores the fact that the divorce decree is itself a judgment. As such, it is "a legally enforceable obligation assessed against an individual for the support of a child." That Final Decree, without more, would support an application for execution pursuant to T.C.A. § 26–1–103, T.C.A. § 26–2–401, *et seq.*[4], and other execution statutes, against an obligor's wages or other assets. This is the clear import of T.C.A. § 36–5–101(a)(5) which provides, in pertinent part, as follows:

Any order for child support shall be a *judgment entitled to be enforced as any other judgment of a court of this state* and shall be entitled to full faith and credit in this state and in any other state.

(Emphasis added). As the Supreme Court case of *Rutledge v. Barrett,* 802 S.W.2d 604 (Tenn.1991) points out, the Tennessee legislature amended that code section in order to comply with federal legislation which makes the receipt of certain federal assistance contingent upon a State passing legislation which, among other things, guarantees that child support is

(A) a *judgment* by operation of law, with the full force, effect, and attributes of a judgment of the State, *including the ability to be enforced.*

42 U.S.C. § 666(a)(9). (Emphasis added). Contrary to the trial court's finding, there was an *enforceable and executable* judgment for child support. The DHS hearing officer correctly determined "the accuracy of the amount of past due support." The Appellee had a right to a "fair hearing" to dispute DHS's calculations. He availed himself of that opportunity and tried to convince the hearing officer that he did not owe a support arrearage. He failed in that effort. There is substantial and material evidence in the record to support the DHS decision.

It is true that litigants sometimes file petitions seeking to reduce a child support arrearage to a judgment for a sum certain. There is nothing wrong with this procedure. It has the advantage of a court determination as to the amount of the arrearage before the obligee seeks the issuance of an execution. If one is not sure of the amount of the arrearage or believes that the obligor will dispute the amount claimed, the obligee may want to obtain a court determination before seeking an execution, lest he or she later be accused of abuse of process. In addition, there may be tactical reasons why one would first seek a judgment for a sum certain. Sometimes the filing of the petition without

---

4. It should be noted that T.C.A. § 26–2–402 does not expressly or by implication require that a judgment creditor obtain a judgment for a sum certain before seeking an execution. That code section only requires (in addition to requirements not pertinent here) that a judgment creditor "shall file a statement showing ... the amount owed on the judgment ..." (Emphasis added). It cannot be argued that this would apply, for example, to a partially paid judgment in a personal injury tort action but not to a judgment for child support. In both cases, the amount due would not be obvious from the face of the judgment. In both instances, the same execution procedure would apply. T.C.A. § 36–5–101(a)(5), with its requirement that an "order for child support shall be a judgment entitled to be enforced as any judgment of a court of this state" would not permit disparate treatment of a child support judgment.

232

more will bring a recalcitrant obligor "to his senses" and produce some or all of the past-due child support. In that case, the obligee has avoided the harsh remedy of execution (garnishment) and achieved a good result with a minimum of effort and possibly with less animosity emanating from his or her former spouse; but such an effort on the part of the obligee is not *legally required* before he or she seeks an execution. As T.C.A. § 36–5–101(a)(5) points out, an order for support is "a judgment entitled to be enforced as any other judgment of a court of this state."

The judgment for child support in this case was "a legally enforceable obligation assessed against [the Appellee] for the support" of his children. It, and it alone, would have supported an application for execution. The trial court erred in holding that a support arrearage must be reduced to a judgment for a sum certain before it can be pursued by execution. Consequently, it erred in holding that the arrearage had to be reduced to such a judgment in order to satisfy Tenn.Comp.R. & Regs., ch. 1240–2–3–.02 or to otherwise meet the requirements for interception of the Appellee's 1991 federal income tax refund under the Intercept Program.

The Order of the trial court is vacated and the Final Order of the Commissioner is reinstated. This cause is remanded for the imposition and collection of costs below. The costs on appeal are taxed to the Appellee.

GODDARD, P.J. (E.S.), and McMURRAY, J., concur.